IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge R. Brooke Jackson

Civil Action No. 18-cv-01418-RBJ
Criminal Action No. 13-cr-00085-RBJ-1

UNITED STATES OF AMERICA,

v.

HILARIO RODELA,

    Movant.

# ORDER

On October 2, 2014, following his plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and 500 Grams of more of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, Mr. Rodela received a (below Guideline) sentence of 210 months in the Bureau of Prisons followed by five years of supervised release. On June 7, 2018, representing himself *pro se,* Mr. Rodela filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 384 (in No. 13-cr-00085-RBJ). In his words, the motion is based on "Attorney failure to file a notice of Appeal, when request [sic] to do so." *Id.* at 3.

The Court issued an order requiring the government to file a brief addressing the timeliness of the motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. ECF No. 385. The government filed its brief on August 16, 2018, in which it argues that the motion was untimely, and that there is no basis for equitable tolling. ECF No. 387. Mr. Rodela has not replied to the government's brief. The Court finds that the motion was untimely for the reasons

set forth by the government.  *See id.* at 2-3.

As an aside, I note that in his Plea Agreement Mr. Rodela agreed to waive his right to appeal subject to certain listed exceptions.  ECF No. 253 at 3-4.  To be sure, one of the listed exceptions was if "there is a claim that the defendant was denied the effective assistance of counsel."  *Id.* at 4.  However, Mr. Rodela has not claimed that his counsel was ineffective other than when he declined to file a direct appeal, nor has he claimed that any of the other listed exceptions applies.  In substance Mr. Rodela is claiming that counsel was ineffective for failing to file an appeal that Mr. Rodela had acknowledged that he waived as part of his plea bargain.  To establish ineffective assistance of counsel, Mr. Rodela would have to "show both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'"  *Simpson v. Carpenter,* 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)).  Even if one assumed, without deciding, that counsel's decision not to file an appeal was below an objective standard of reasonableness, Mr. Rodela has not attempted to show prejudice.  To do so Mr. Rodela must establish "'that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *Byrd v. Workman,* 645 F.3d 1159, 1168 (10th Cir. 2011) (internal citation omitted).  However, Mr. Rodela has not addressed, much less shown, that the Tenth Circuit would have considered his direct appeal notwithstanding his appellate waiver and the inapplicability of any of the listed exceptions in his Plea Agreement.

**ORDER**

Mr. Rodela's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 384, is DENIED.

Dated June 4, 2019.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge